PER CURIAM
This proceeding arises out of an application for reinstatement to the practice of law filed by petitioner, Trisha A. Ward, a suspended attorney.
UNDERLYING FACTS AND PROCEDURAL HISTORY
On December 28, 2013, petitioner intentionally entered the home of S.S. and his wife, J.H., without authorization.[1] During her sworn statement to the Office of Disciplinary Counsel ("ODC"), petitioner acknowledged that she did not have express permission to enter the residence. Petitioner was arrested and charged with unauthorized entry of an inhabited dwelling, a felony. This charge was dropped as part of a plea bargain. On October 30, 2015, petitioner pleaded guilty to stalking and to violation of a protective order, both misdemeanors.
On December 1, 2016, the court interimly suspended petitioner from the practice of law pursuant to a joint petition by the parties. In re: Ward , 16-2003 (La. 12/1/16), 207 So.3d 397. On September 29, 2017, the court considered petitioner's misconduct, as set forth above, and suspended her from the practice of law for one year and one day, retroactive to the date of her interim suspension. In re: Ward , 17-1047 (La. 9/29/17), 227 So.3d 251.
In January 2018, petitioner filed an application for reinstatement with the disciplinary board, alleging she has complied with the reinstatement criteria set forth in Supreme Court Rule XIX, § 24(E). The ODC took no position regarding the application for reinstatement. Accordingly, the matter was referred for a formal hearing before a hearing committee.
Following the hearing, the hearing committee recommended that petitioner be reinstated to the practice of law on a conditional basis for five years, subject to the following conditions:
1. Petitioner must continue to receive medical and emotional care from her providers for her physical and mental conditions until, in the professional opinion of those providers, such ongoing treatment can be reduced or terminated, with periodic reports of her condition, prognosis, and treatment submitted to the ODC;
2. Although not raised in the disciplinary proceeding or the reinstatement proceeding, tangential evidence presented to the committee indicates a lack of vigor in petitioner's attention to her financial affairs, including late-filed tax returns, being sued for non-payment of a student loan, and substantial unpaid student loans in forbearance, among other things. The committee recommends that, if petitioner enters into the practice of law requiring the maintenance and supervision of a client trust account, *317 a practice monitor be appointed to monitor compliance with trust account rules, accounting procedures, law office management procedures, and diligence in the maintenance of her financial obligations;
3. Petitioner must not violate any of the Rules of Professional Conduct during the period of her conditional reinstatement. Should she have a disciplinary complaint lodged against her at any time during the period of her conditional reinstatement, she must promptly and fully cooperate with any investigation conducted by the ODC.
Neither petitioner nor the ODC objected to the hearing committee's recommendation.
DISCUSSION
After considering the record in its entirety, we find petitioner has met her burden of proving that she is entitled to be reinstated to the practice of law on a conditional basis. Accordingly, we will order that petitioner be reinstated to the practice of law, subject to a five-year period of probation governed by all of the conditions recommended by the hearing committee.
DECREE
Upon review of the recommendation of the hearing committee, and considering the record, it is ordered that Trisha A. Ward, Louisiana Bar Roll number 31485, be immediately reinstated to the practice of law in Louisiana, subject to a five-year period of probation governed by the conditions set forth herein. The probationary period shall commence from the date petitioner and the ODC execute a formal probation plan. Should petitioner fail to comply with the conditions of probation, or should she commit any misconduct during the period of probation, her conditional right to practice may be terminated immediately, or she may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement, as appropriate. All costs of these proceedings are assessed against petitioner.

Prior to the disciplinary hearing in this matter, the Office of Disciplinary Counsel filed a motion seeking a protective order pursuant to Supreme Court Rule XIX, § 16(D) to "protect the identity of the victims arising from the Respondent's misconduct and under circumstances that are sensitive, highly personal, and injurious." The hearing committee chair granted the motion. Accordingly, we have referred to the victims by their initials.